## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| CHERYL DRUGICH, individually and on behalf of and all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>MCLAREN HEALTH CARE CORPORATION,<br><br>          Defendant. | Case No. 4:23-cv-12520-MFL-CI<br><br>Hon. Matthew F. Leitman<br><br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |
| JAMIE MCSKULIN, individually and on behalf of and all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>MCLAREN HEALTH CARE CORPORATION,<br><br>          Defendant. | Case No. 2:23-cv-12535-BAF-APP<br><br>Hon. Bernard A. Friedman<br><br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |
| KATI KOMOROSKY, individually and on behalf of and all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>MCLAREN HEALTH CARE CORPORATION,<br><br>          Defendant. | Case No. 2:23-cv-12546-GCS-DRG<br><br>Hon. George Caram Steeh<br><br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

| JANISE NORWOOD, individually and on behalf of and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>MCLAREN HEALTH CARE CORPORATION,<br><br>        Defendant. | Case No. 2:23-cv-12553-GAD-KGA<br><br>Hon. Gershwin A. Drain<br><br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |
|---|---|
| SARAH LEWIS, individually and on behalf of and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>MCLAREN HEALTH CARE CORPORATION,<br><br>        Defendant. | Case No. 2:23-cv-12571-TGB<br><br>Hon. Terrence G. Berg<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF DRUGICH'S MOTION TO CONSOLIDATE CASES AND APPOINT THE MILLER LAW FIRM, P.C., MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC, AND SHUB & JOHNS, LLC <u>AS INTERIM LEAD CO-COUNSEL</u>**

Plaintiff Cheryl Drugich, the plaintiff in the first-filed case, moves the Court for an order consolidating the above-captioned related cases ("Related Cases") pursuant to Fed. R. Civ. P. 42(a)(2) and E.D. Mich. LR 42.1, and for the appointment of The Miller Law Firm, P.C., Milberg Coleman Bryson Phillips Grossman PLLC, and Shub & Johns LLC as Interim Lead Co-Counsel pursuant to Fed. R. Civ. P. 23(g). In support of this Motion, Plaintiff Drugich states as follows:

1.     Between October 5, 2023 and October 11, 2023, numerous putative class actions were filed in this District against Defendant McLaren Health Care Corporation ("McLaren Health") concerning a data security incident that McLaren Health allegedly first detected in August 2023. The complaints in each of these Related Cases allege that McLaren Health failed to adequately safeguard the sensitive personal identifying information of Plaintiffs and putative Class Members, and assert various overlapping and/or similar claims. The Related Cases, and the dates on which they were filed, are set forth below:

- The present and first-filed case, *Drugich v. McLaren Health Care Corporation* ("*Drugich*"), Case No. 4:23-cv-12520-MFL-CI, filed October 5, 2023 and currently pending before the Hon. Matthew F. Leitman;

- *McSkulin v. McLaren Health Care Corporation* ("*McSkulin*"), Case No. 2:23-cv-12535-BAF-APP, filed October 6, 2023 and currently pending before the Hon. Bernard A. Friedman;

- *Komorosky v. McLaren Health Care Corporation* ("*Komorosky*"), Case No. 2:23-cv-12546-GCS-DRG, filed October 9, 2023 and currently pending before the Hon. George C. Steeh; and

1

- *Norwood v. McLaren Health Care Corporation* ("*Norwood*"), Case No. 2:23-cv-12553-GAD-KGA, filed October 10, 2023 and currently pending before the Hon. Gershwin A. Drain.

- *Lewis v. McLaren Health Care Corporation* ("*Norwood*"), Case No. 2:23-cv-12571-TGB, filed October 11, 2023 and currently pending before the Hon. Terrence G. Berg.

2.      Plaintiff Drugich moves the Court for an order consolidating the above-captioned Related Cases pending in this District—*McSkulin*, *Komorosky*, *Norwood*, and *Lewis*—with the first-filed cased, *Drugich*, pursuant to Fed. R. Civ. P. 42(a)(2) and E.D. Mich. LR 42.1.

3.      As explained in Plaintiff Drugich's Brief in Support, the *Drugich*, *McSkulin*, *Komorosky*, *Norwood*, and *Lewis* cases satisfy the criteria enumerated in Fed. R. Civ. P. 42(a)(2) and E.D. Mich. LR 42.1. The complaints in each of the Related Cases raise common questions of law and fact, arise from the same data security incident at the same defendant, are brought on behalf of substantially identical classes, and allege that McLaren Health failed to adequately safeguard the sensitive personal identifying information of Plaintiffs and putative Class Members. Courts routinely consolidate overlapping data breach class actions that are filed in the same court.

4.    Plaintiff Drugich moves the Court for an order appointing The Miller Law Firm P.C., Milberg Coleman Bryson Phillips Grossman PLLC, and Shub & Johns LLC as Interim Lead Co-Counsel.[1]

5.    Plaintiff Drugich respectfully submits that the Court's appointment of the Miller Law Firm, P.C., Milberg Coleman Bryson Phillips Grossman PLLC, and Shub & Johns LLC as Interim Lead Co-Counsel pursuant to Rule 23(g)(3) would promote the orderly and efficient management of the Related Cases and would ensure that prosecution of the case and any potential settlement is led by counsel that is "best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2).

6.    Plaintiff Drugich further respectfully requests that the Court set the following schedule (related to the filing of an operative consolidated amended complaint, which will relieve McLaren Health of the duty to respond to the various initial complaints filed in the Related Cases in the interim):

- Defendant is not required to respond to the initial complaints in *Drugich*, *McSkulin*, *Komorosky*, *Norwood*, and *Lewis*;

- Plaintiffs in the Consolidated Action shall file an operative Consolidated Class Action Complaint within forty-five (45) days of entry of an Order consolidating the Related Cases and appointing Interim Class Counsel;

---

[1]    Should the Court prefer to appoint one firm as either Sole or Chair of Class Counsel, Plaintiff Drugich and their counsel respectfully submit that E. Powell Miller of The Miller Law Firm, P.C. should be selected, and that Milberg Coleman Bryson Phillips Grossman PLLC, and Shub & Johns LLC should be appointed as Co-Lead Counsel or as the Counsel on the Plaintiffs' Steering Committee.

- Defendant will answer, move, or otherwise respond to the Consolidated Complaint within forty-five (45) days of its receipt of the Consolidated Complaint;

- If Defendant responds by way of motion, Plaintiffs will have thirty (30) days to oppose Defendant's motion, and Defendant will have twenty-one (21) days to reply;

7.      A Proposed Order—consolidating the Related Cases, appointing The Miller Law Firm, P.C., Milberg Coleman Bryson Phillips Grossman PLLC, and Shub & Johns, LLC as Interim Lead Co-Counsel, and setting the proposed schedule—is attached as **Exhibit 1**.

8.      Pursuant to E.D. Mich. LR 7.1(a), the Plaintiff in *Drugich* sought concurrence from the *McSkulin*, *Komorosky*, *Norwood*, and *Lewis* Plaintiffs, and have been advised that they do not oppose the relief sought in this Motion. Plaintiff Drugich has diligently sought to effectuate service upon Defendant since filing the case eleven days ago and has otherwise investigated if Defendant has secured counsel in this matter. To date, no defense counsel has appeared and thus Plaintiff Drugich is unable to determine Defendant's position as to consolidation and appointment of Interim Lead Co-Counsel.[2]

---

[2]      Plaintiff Drugich, as noted in the proof of service, will serve this Motion and accompanying exhibits upon Defendant's registered agent.

WHEREFORE, Plaintiff Drugich respectfully requests that this Court enter an Order, substantially in the form attached as **Exhibit 1**, and (i) consolidate the Related Cases, (ii) appoint The Miller Law Firm, P.C., Milberg Coleman Bryson Phillips Grossman PLLC, and Shub & Johns LLC as Interim Lead Co-Counsel, and (iii) enter the proposed deadlines to file the operative consolidated amended complaint and stay the deadline for McLaren Health to respond to the individual complaints.

Dated: October 16, 2023                    Respectfully Submitted,

*/s/ E. Powell Miller*
E. Powell Miller (P39487)
Emily E. Hughes (P68724)
**THE MILLER LAW FIRM, P.C.**
950 W. University Drive, Suite 300
Rochester, MI 48307
T: (248) 841-2200
epm@millerlawpc.com
eeh@millerlawpc.com

*/s/ Gary M. Klinger*
Gary M. Klinger
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
T: (866) 252-0878
gklinger@milberg.com

Nick Suciu
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN LLC**
6905 Telegraph Rd., Suite 115
Bloomfield Hills, MI 48301

Tel: (313) 303-3472
Email: nsuciu@milberg.com

*/s/ Benjamin F. Johns*
Benjamin F. Johns
Samantha E. Holbrook
**SHUB & JOHNS LLC**
Four Tower Bridge
200 Barr Harbor Drive, Ste 400
Conshohocken, PA 19428
T: (610) 477-8380
bjohns@shublawyers.com
sholbrook@shublawyers.com

*Attorneys for Plaintiff Drugich and Putative Class*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| CHERYL DRUGICH, individually and on behalf of and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MCLAREN HEALTH CARE CORPORATION,<br><br>　　　　Defendant. | Case No. 4:23-cv-12520-MFL-CI<br><br>Hon. Matthew F. Leitman<br><br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |
| JAMIE MCSKULIN, individually and on behalf of and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MCLAREN HEALTH CARE CORPORATION,<br><br>　　　　Defendant. | Case No. 2:23-cv-12535-BAF-APP<br><br>Hon. Bernard A. Friedman<br><br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |
| KATI KOMOROSKY, individually and on behalf of and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MCLAREN HEALTH CARE CORPORATION,<br><br>　　　　Defendant. | Case No. 2:23-cv-12546-GCS-DRG<br><br>Hon. George Caram Steeh<br><br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

| | |
|---|---|
| JANISE NORWOOD, individually and on behalf of and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>MCLAREN HEALTH CARE CORPORATION,<br><br>        Defendant. | Case No. 2:23-cv-12553-GAD-KGA<br><br>Hon. Gershwin A. Drain<br><br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |
| SARAH LEWIS, individually and on behalf of and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>MCLAREN HEALTH CARE CORPORATION,<br><br>        Defendant. | Case No. 2:23-cv-12571-TGB<br><br>Hon. Terrence G. Berg<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**BRIEF IN SUPPORT OF PLAINTIFF DRUGICH'S MOTION TO CONSOLIDATE CASES AND APPOINT THE MILLER LAW FIRM, P.C., MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC, AND <u>SHUB & JOHNS, LLC AS INTERIM LEAD CO-COUNSEL</u>**

## <u>STATEMENT OF ISSUE PRESENTED</u>

1. Whether this Court should (i) consolidate the four Related Cases, (ii) appoint The Miller Law Firm, P.C., Milberg Coleman Bryson Phillips Grossman PLLC, and Shub & Johns LLC as Interim Lead Co-Counsel and (iii) enter deadlines for Plaintiffs to file a single operative consolidated amended complaint and stay the deadline for Defendant McLaren Health Care Corporation to respond to the individual complaints in the Related Cases.

  Plaintiff Drugich states: Yes.

## <u>MOST CONTROLLING AUTHORITY</u>

- Fed. R. Civ. P . 42(a)(2)

- E.D. Mich. LR 42.1

- Fed. R. Civ. P. 23(g)

## **TABLE OF CONTENTS**

I.    INTRODUCTION ...........................................................................................1

II.   ARGUMENT .................................................................................................1

      A.    Consolidation..........................................................................................1

      B.    Appointment of The Miller Law Firm, P.C., Milberg Coleman Bryson
            Phillips Grossman PLLC, and Shub & Johns LLC as Interim Lead Co-
            Counsel ...................................................................................................3

            1.    The Miller/Milberg/Slub Slate Have Thoroughly Investigated
                  and Prepared the Claims at Issue Here .......................................5

            2.    The Miller/Milberg/Slub Slate Have a Wealth of Experience in
                  Complex Class Actions and Extensive Knowledge in Data
                  Privacy Law ...............................................................................6

                  a.    The Miller Law Firm, P.C. ................................................6

                  b.    Milberg Coleman Bryson Phillips Grossman PLLC......13

                  c.    Shub & Johns LLC .........................................................18

            3.    Diversity Interests Would Be Best Served by Appointing the
                  Miller/Milberg/Shub Slate .......................................................21

      C.    Briefing Schedule.................................................................................23

III.  CONCLUSION.............................................................................................23

# TABLE OF AUTHORITIES

## Cases

*Anthony v. BTR Auto. Sealing Sys., Inc.*,
  339 F.3d 506 (6th Cir. 2003) ...............................................................................23
*Bakko v. Flagstar Bank, FSB*,
  No. 2:17-cv-13992 (E.D. Mich.) .........................................................................10
*Boone v. Snap, Inc.*,
  Case No. 2022LA000708 (18th Cir. DuPage Cty., Ill.) .....................................15
*Bray et al. v. GameStop Corp.*,
  Case No. 1:17-cv-01365 (JEJ), 2018 U.S. Dist. LEXIS 226221 (D. Del. Dec. 19,
  2018) ....................................................................................................................19
*Carrera Aguallo v. Kemper Corp.*,
  Case No. 1:21-cv-01883 (N.D. Ill. Oct. 27, 2021) .............................................15
*City of Farmington v. Wells Fargo Bank*,
  No. 0:10-cv-04372 (D. Minn.) .............................................................................11
*Dusterhoft v. OneTouchPoint Corp.*,
  Case No. 2:22-cv-00882-BHL (E.D. Wis.) .........................................................16
*Gordon et al. v. Chipotle Mexican Grill, Inc.*,
  Case No. 17-cv-01415 (CMA) (SKC), 2019 U.S. Dist. LEXIS 215430 (D. Colo.
  Dec. 16, 2019) .....................................................................................................19
*Hughes v. UGI Storage Co.*,
  263 A.3d 1144 (Pa. 2021) ...................................................................................20
*In re AIG 2008 Securities Litigation*,
  No. 1:08-cv-04772 (S.D.N.Y.) ............................................................................11
*In re Arthur J. Gallagher Data Breach Litig.*,
  631 F. Supp. 3d 573 (N.D. Ill. 2022) ..................................................................15
*In re Blackbaud Data Privacy*,
  MDL No. 2972 (D. S.C.) ......................................................................................17
*In re Blackbaud, Inc., Customer Data Breach Litig.*, No. 3:20-MN-02972-JMC,
  2021 WL 2718439 (D.S.C. July 1, 2021) .................................................... 15, 22
*In re Chevrolet Bolt EV Battery Litig.*,
  No. 2:20-cv-13256 (E.D. Mich.) .........................................................................11
*In re Chrysler Pacifica Fire Recall Prods. Liab. Litig.*,
  No. 2:22-cv-03040 (MDL) (E.D. Mich.) .............................................................11
*In re Delphi ERISA Litig.*,
  230 F.R.D. 496 (E.D. Mich. 2005) ........................................................................5

*In re FCA US LLC Monostable Electric Gearshift Litig.*,
  No. 2:16-md-02744 (MDL) (E.D. Mich.)....................................................11

*In re Flagstar December 2021 Data Sec. Incident Litig.*,
  No. 22-cv-11385 (E.D. Mich.)..................................................................9

*In re Henry Ford Health System Data Security Litigation*,
  No. 2:23-cv-11736-GAD-KGA ........................................................ 3, 4, 9

*In re Hope College Data Security Breach Litig.*,
  No. 1:22-cv-01224-PLM-PJG .............................................................3, 9

*In re Lansing Community College Data Security Breach Litig.*,
  No. 1:23-cv-00738-PLM-PJG .............................................................3, 9

*In re Meta Browser Tracking Litigation*,
  Case No. 3:22-cv-05267-AMO (N.D. Cal.) ..........................................16

*In re MyFord Touch Consumer Litig.*,
  No. 13-cv-03072 (EMC) (N.D. Cal.).....................................................20

*In re NCB Management Service, Inc. Data Breach Litig.*,
  Civil Action No. 23-1236 (E.D. Pa.) .....................................................19

*In re Nexus 6P Product Liability Litig.*,
  No. 5:17-cv-02185 (BLF) (N.D. Cal.)....................................................20

*In re Prudential Ins. Co. Sales Practice Litig.*,
  No. 95-4704 (D.N.J.) ..............................................................................13

*In re Rutter's Inc. Data Security Breach Litig.*,
  Case No. 1:20-cv-382 (CCC) (KM) (M.D. Pa.)....................................19

*In re StockX Customer Data Security Breach Litig.*,
  No. 19-cv-12441 (E.D. Mich.)...............................................................10

*In re Tyco Int'l Ltd., Sec. Litig.*,
  MDL 1335 (D.N.H.) ...............................................................................13

*In re Vanguard Chester Funds Litig.*,
  625 F. Supp. 3d 362 (E.D. Pa. 2022)......................................................5

*In re Wawa, Inc. Data Security Litig.*,
  Civil Action No. 19-6019 (E.D. Pa.) .....................................................19

*In re Wright & Filippis, LLC Data Security Breach Litigation*,
  No. 2:22-cv-12906-SFC-EAS................................................................3, 9

*In re: Arthur J. Gallagher*,
  Case No. 1:22-cv-000137 (N.D. Ill) .....................................................16

*In re: Cerebral, Inc. Privacy Practices*,
  Case No. 2:23-cv-1803 (C.D. Cal.) .......................................................16

*In re: Equifax, Inc., Customer Data Security Breach Litig.*,
  No. 1:17-md-02800 ........................................................................................10

*In re: Ford Motor Co. F-150 & Ranger Truck Fuel Econ. Mktg. & Sales Practices
  Litig.*, No. 2:19-md-02901 (MDL) (E.D. Mich.) ...................................................11

*In re: General Motors Corp. Air Conditioning Marketing and Sales Practices
  Litigation*, No. 2:18-md-02818 (MDL) (E.D. Mich.)..........................................11

*In re: MacBook Keyboard Litigation*,
  No. 18-cv-2813 (N.D. Cal.) ..........................................................................20

*Jackson-Battle v. Navicent Health, Inc.*,
  No. 2020-CV-072287 (Ga. Super. Ct. Bibb Cnty. filed Apr. 29, 2020) ..............18

*John v. Advocate Aurora Health, Inc.*,
  No. 22-CV-1253-JPS (E.D. Wis.) ...................................................................17

*Karpilovsky v. All Web Leads, Inc.*,
  No. 17 C 1307, 2018 WL 3108884 (N.D. Ill. 2018) ..........................................15

*Kostka v. Dickey's Barbecue Restaurants Inc.*,
  No. 3:20-CV-03424-K (N.D. Tex.) ...................................................................20

*Kyles v. Stein Mart, Inc.*,
  No. 1:19-cv-00483, 2021 U.S. Dist. LEXIS 202674 (D. Del. Oct. 19, 2021) .....19

*Meyers v. Onix Grp., LLC*, No. CV 23-2288-KSM, 2023 WL 4630674 (E.D.
  Pa. July 19, 2023) ....................................................................................19

*Miller v. Nextgen Healthcare, Inc.*,
  Case No. 1:23-cv-02043-TWT (N.D. Ga.)..........................................................8

*Morrill v. Lakeview Loan Servicing, LLC*,
  Case No. 1:22-cv-20955-DPG (S.D. Fla.)..................................................... 14, 16

*Mowery v. Saint Francis Healthcare Sys.*,
  No. 1:20-cv-00013-SRC (E.D. Mo. Dec. 22, 2020)............................................18

*Nelson v. Connexin Software Inc.*,
  Civil Action No. 22-4676 (E.D. Pa.) ................................................................19

*Parris, et al., v. Meta Platforms, Inc.*,
  Case No.2023LA000672 (18th Cir. DuPage Cty., Ill.) .......................................15

*Perdue v. Hy-Vee, Inc.*,
  Case No. 1:19-cv-01330-(MMM) (JEH), 2021 U.S. Dist. LEXIS 12691 (C.D.
  Ill. Jan. 25, 2021)....................................................................................19

*Pratt v. KSE Sportsman Media, Inc.*,
  2023 WL 5500832 (E.D. Mich. Aug. 25, 2023)....................................................4

*Quinto v. The Regents of the University of California*,
  Case No. 22-cv-012970 (Sup. Ct. Alameda Cty.) ................................................17

*Reynolds v. FCA US LLC*,
   No. 2:19-cv-11745 (E.D. Mich.) .......................................................................11

*Sherwood v. Horizon Actuarial Services, LLC*,
   Case No. 1:22-cv-01495-ELR (N.D. Ga.) .........................................................16

*Speerly v. General Motors, LLC*,
   No. 2:19-cv-11044 (E.D. Mich.) .......................................................................11

*Strano v. Kiplinger Washington Eds., Inc.*,
   --- F.Supp.3d ----, 2023 WL 119647 (E.D. Mich. Jan. 6, 2023) ...........................4

*Thomsen v. Morley Cos., Inc.*,
   No. 22-cv-10271 (E.D. Mich.).........................................................................10

*Udeen v. Subaru of Am., Inc.*,
   No. 18-17334 (RBK) (JS) (D.N.J.) ....................................................................20

*Webb v. Injured Workers Pharmacy, LLC*,
   72 F.4th 365 (1st Cir. 2023).............................................................................15

*Weeks v. Google LLC*,
   No. 5:18-cv-00801 (NC), 2019 U.S. Dist. LEXIS 215943 (N.D. Cal. Dec. 13,
   2019) .................................................................................................................21

*Weidman v. Ford Motor Co.*,
   No. 2:18-cv-12719 (E.D. Mich.) .......................................................................11

## Rules

E.D. Mich. LR 42.1.......................................................................... 1, 2, 4
E.D. Mich. LR 42.1(a) ...........................................................................2
E.D. Mich. LR 42.1(b) ...........................................................................2
E.D. Mich. LR 42.1(c) ...........................................................................2
Fed. R. Civ. P. 23(g)(3)..........................................................................4
Fed. R. Civ. P. 42(a)...........................................................................1, 2
Fed. R. Civ. P. 42(a)(2)...................................................................... 1, 2, 4

## I.     INTRODUCTION

Between October 5, 2023 and October 10, 2023, four putative class actions were filed in this District against Defendant McLaren Health Care Corporation ("McLaren Health") concerning a data security incident that McLaren Health allegedly first detected in August, 2023.[3] The complaints in each of the Related Cases allege that McLaren Health failed to adequately safeguard the sensitive personal identifying information of Plaintiffs and putative Class Members, and assert various overlapping and/or similar claims.

## II.    ARGUMENT

### A.   Consolidation

Pursuant to Fed. R. Civ. P. 42(a)(2) and E.D. Mich. LR 42.1, Plaintiff Drugich moves the Court for an order consolidating the Related Cases. A proposed order to consolidate the cases is attached as **Exhibit 1** hereto.

---

[3]     The present and first-filed case, *Drugich v. McLaren Health Care Corporation* ("*Drugich*"), Case No. 4:23-cv-12520-MFL-CI, filed October 5, 2023 and assigned to the Hon. Matthew F. Leitman; *McSkulin v. McLaren Health Care Corporation* ("*McSkulin*"), Case No. 2:23-cv-12535-BAF-APP, filed October 6, 2023 and assigned to the Hon. Bernard A. Friedman; *Komorosky v. McLaren Health Care Corporation* ("*Komorosky*"), Case No. 2:23-cv-12546-GCS-DRG, filed October 9, 2023 and assigned to the Hon. George C. Steeh; *Norwood v. McLaren Health Care Corporation* ("*Norwood*"), Case No. 2:23-cv-12553-GAD-KGA, filed October 10, 2023 and assigned to the Hon. Gershwin A. Drain; and *Lewis v. McLaren Health Care Corporation* ("*Lewis*"), Case No. 2:23-cv-12571-TGB, filed October 11, 2023 and assigned to the Hon. Terrence G. Berg.

1

Fed. R. Civ. P. 42(a) provides that "[i]f actions before the court involve a common issue of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost of delay."

E.D. Mich. LR 42.1 provides that "[a] party seeking to consolidate cases under Federal Rule of Civil Procedure 42(a) must: (1) file a motion in the case with the earliest case number; and (2) file a notice of the motion in each related case." E.D. Mich. LR 42.1(a). "The district judge presiding in the earliest numbered case will decide the motion. However, the motion may not be granted unless the judges presiding in the related cases consent." E.D. Mich. LR 42.1(b). "If the motion is granted, the consolidated cases will be reassigned to the judge presiding in the earliest numbered case." E.D. Mich. LR 42.1(c).

The *Drugich*, *McSkulin*, *Komorosky*, *Norwood*, and *Lewis* cases satisfy the criteria enumerated in Fed. R. Civ. P. 42(a)(2) and E.D. Mich. LR 42.1. The complaints in each of the Related Cases raise common questions of law and fact, arise from the same data security incident at the same defendant, are brought on behalf of substantially identical classes, and allege that McLaren Health failed to adequately safeguard the sensitive personal identifying information of Plaintiffs and putative Class Members. Courts routinely consolidate overlapping data breach class actions that are filed in the same court. *See, e.g.*, *In re Henry Ford Health System*

*Data Security Litigation*, No. 2:23-cv-11736-GAD-KGA, ECF No. 8 (appointing The Miller Law Firm, P.C. as Interim Lead Counsel and consolidating four substantially similar data breach class actions filed in this District); *In re Wright & Filippis, LLC Data Security Breach Litigation*, No. 2:22-cv-12906-SFC-EAS, ECF No. 9 (E.D. Mich. Mar. 3, 2023) (consolidating seven substantially similar data breach class actions filed in this District); *see also In re Hope College Data Security Breach Litig.*, No. 1:22-cv-01224-PLM-PJG, ECF No. 11 (W.D. Mich. Feb. 23, 2023) (consolidating five substantially similar data breach class actions filed in the same district court); *In re Lansing Community College Data Security Breach Litig.*, No. 1:23-cv-00738-PLM-PJG, ECF No. 13 (W.D. Mich. Aug. 2, 2023) (consolidating four substantially similar data breach class actions filed in the same district court).

Based on the above, and pursuant to Fed. R. Civ. P. 42(a)(2) and E.D. Mich. LR 42.1, the Court should consolidate the Related Cases.

### B. Appointment of The Miller Law Firm, P.C., Milberg Coleman Bryson Phillips Grossman PLLC, and Shub & Johns LLC as Interim Lead Co-Counsel

Pursuant to Federal Rule of Civil Procedure 23(g)(3), Plaintiff Drugich respectfully requests entry of an order appointing The Miller Law Firm P.C. ("Miller Law"), Milberg Coleman Bryson Phillips Grossman PLLC ("Milberg"), and Shub & Johns LLC ("Shub") (collectively, the "Miller/Milberg/Shub Slate") as Interim

Lead Co-Counsel for Plaintiffs and the putative Class in this consolidated action.[4]
The Miller/Milberg/Shub Slate is well-qualified to serve as Interim Lead Co-
Counsel.[5] The Miller/Milberg/Shub Slate combines substantial experience in class
actions and data privacy with the ability to work cooperatively towards a successful
outcome for the putative class.

Rule 23(g) provides that the key factors a court should consider when
designating interim counsel are: (1) the work which proposed interim lead counsel

---

[4]    Should the Court prefer to appoint one firm as either Sole or Chair of Class
Counsel, Plaintiff Drugich and their counsel respectfully submit that E. Powell
Miller of The Miller Law Firm, P.C. should be selected, and that Milberg Coleman
Bryson Phillips Grossman PLLC, and Shub & Johns LLC should be appointed as
Co-Lead Counsel or as the Counsel on the Plaintiffs' Steering Committee.
Some courts in this District have held that "Rule 23(g)(2) requires the appointment
of only one firm or attorney to serve as class counsel." *Pratt v. KSE Sportsman
Media, Inc.*, 2023 WL 5500832, at *5 (E.D. Mich. Aug. 25, 2023) (Ludington, J.)
(preliminarily approving class settlement & citing *Strano v. Kiplinger Washington
Eds., Inc.*, --- F.Supp.3d ----, 2023 WL 119647, at *5 (E.D. Mich. Jan. 6, 2023)).
In *Pratt*, in which the plaintiffs there proposed E. Powell Miller of the Miller Law
Firm, P.C. be appointed as Class Counsel in the event the Court only appoints one
class counsel, 'given his familiarity with Michigan practice and his extensive
experience litigating class actions in this District[.]'" *Id.* And *Pratt* was a similar
class action related to the protection of personal information. There, the "Court
agree[d] that E. Powell Miller of the Miller Law Firm, P.C., could best represent the
class." *Id.* As here, "[h]e has invested significant time in the case, has extensive
class-action experience, knows the applicable law, and is resourced to represent the
class. Accordingly, E. Powell Miller [was] appointed Class Counsel." *Id.*
[5]    In fact, The Miller Law Firm, P.C. was recently similarly appointed as Interim
Lead Counsel in another similar healthcare data breach case with many of the same
counsel as here which jointly supported that appointment. *See, e.g.*, *In re Henry Ford
Health System Data Security Litigation*, No. 2:23-cv-11736-GAD-KGA, ECF No. 8
(appointing The Miller Law Firm, P.C. as Interim Lead Counsel upon Joint Motion
to Consolidate and Appoint E. Powell Miller as Interim Lead Counsel).

has already performed in identifying or investigating the potential claims; (2) counsel's experience in handling class actions, other complex litigation, with claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(a)(i)-(iv). Where "more than one adequate applicant seeks appointment as class counsel, the court must appoint the applicant best able to represent the interests of the class." *In re Delphi ERISA Litig.*, 230 F.R.D. 496, 498 (E.D. Mich. 2005) (quoting Fed. R. Civ. P. 23(g)(2)(B)). The Court may also "look to 'any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class,'" which may include "(1) which plaintiff filed first and (2) whether a plaintiff has support of other plaintiffs." *In re Vanguard Chester Funds Litig.*, 625 F. Supp. 3d 362, 367 (E.D. Pa. 2022) (quoting Fed. R. Civ. P. 23(g)(1)(B)).

As set forth below, the Miller/Milberg/Shub Slate satisfies each of the factors enumerated by Rule 23(g), are "best able" to represent Plaintiffs and the putative Class in this case; accordingly, the Miller/Milberg/Shub Slate should be appointed Interim Lead Co-Counsel.

### 1. The Miller/Milberg/Shub Slate Have Thoroughly Investigated and Prepared the Claims at Issue Here

The Miller/Milberg/Shub Slate have spent a significant amount of time and energy identifying and investigating potential claims in this case, as evidenced by their comprehensive 76-page complaint. Both before and after filing the initial case

5

in this Court, each of these firms have been contacted by additional people who have been impacted by the data breach. Their work in identifying and investigating the facts and legal claims at issue here demonstrates that the Miller/Milberg/Shub Slate have fairly and adequately represented the putative Class and will continue to do so.

> **2.   The Miller/Milberg/Shub Slate Have a Wealth of Experience in Complex Class Actions and Extensive Knowledge in Data Privacy Law**

### a.  The Miller Law Firm, P.C.

Miller Law has extensive experience litigating complex class actions throughout the United States and, particularly, in Michigan. E. Powell Miller, founder of Miller Law (the first nationally recognized class action firm in Michigan), has litigated more than 600 class and commercial cases in Michigan.

Mr. Miller left the Honigman firm in 1994 with the goal of establishing the first law firm with a substantial class action practice in Michigan. Within about six months of starting Miller Law, Mr. Miller prosecuted three class actions, all of which were certified and concluded with excellent results for his clients. *See* **Exhibit 2**, Miller Law Resume. Miller Law now has 40 attorneys and has recovered more than three billion dollars for class members in Michigan and across the country, including a rare achievement in class action practice: three separate cases of 100% net cash recovery for class members, plus attorneys' fees, paid by defendants.

In addition to Mr. Miller, Miller Law's class action department includes

numerous other experienced litigators. Notably, Miller Law had more class action attorneys recognized by Super Lawyers Magazine ("Super Lawyers") in 2023 than any other firm in Michigan. And in 2023, six Miller Law partners were named Michigan Top 100 Lawyers by Super Lawyers, more than any other firm in Michigan (including those multiple times larger than Miller Law), and two Miller Law attorneys were recognized as Top 50 Women. Additionally, six other Miller Law attorneys were named as Super Lawyers and an additional four more as Rising Stars, for a total of 16 attorneys recognized by Super Lawyers. Mr. Miller himself has been a mainstay on the Super Lawyers list as one of the top attorneys in Michigan. Super Lawyers Magazine has recognized Mr. Miller as one of Michigan's Top 10 lawyers every year from 2009 to 2022, and, in 2023, Mr. Miller has been ranked as the number one attorney in Michigan.

Further, Best Lawyers has named Mr. Miller "Lawyer of the Year" five times in the category of Bet-The-Company Litigation, he was named Attorney of the Year in 2018 by Crain's Detroit Business, and he is only one of five in Michigan to receive the highest "Band 1" rating by Chambers USA.

Mr. Miller also has extensive trial experience, including a 14-0-1 record in cases tried to a bench or jury verdict. Mr. Miller has previously served as Co-Chair of the ABA Sub-Committee for Multi-District Class Action Litigation, Co-President of the Detroit Chapter of the Federal Bar Association Antitrust and Securities

Committees, and on the Executive Committee for the Wayne State University Law School Board of Visitors. Mr. Miller also serves as a Master member of The Oakland County Bar Association Inns of Court and volunteers regularly for the Eastern District of Michigan trial advocacy program. One of Mr. Miller's proudest accomplishments is receiving the Cook-Friedman Civility Award from the Federal Bar Association. Additionally, Mr. Miller, with more than 36 years of practicing law, has never been sanctioned by a judge.

While Mr. Miller and Miller Law prosecute class actions across the country, their home and most of their practice is located in Michigan. Mr. Miller, a lifelong resident of Michigan, has successfully recovered more than one billion dollars for class members while leading class action cases in Michigan. To put it plainly, his class action experience in Michigan is unmatched.

The Miller Law class action department has numerous other experienced, diverse litigators, including Emily E. Hughes. Ms. Hughes, another partner at Miller Law, serves as counsel for plaintiffs in numerous complex consumer and data-privacy class actions across the nation. Ms. Hughes was recently appointed to the Plaintiffs' Steering Committee in *Miller v. Nextgen Healthcare, Inc.*, Case No. 1:23-cv-02043-TWT, Dkt. 24 (N.D. Ga.) (Sept. 27, 2023 Order appointing Ms. Hughes to the Plaintiffs' Steering Committee). And Ms. Hughes plays a central role on behalf of Miller Law's recent appointment to the Plaintiffs' Executive Committee in

*In re Flagstar December 2021 Data Sec. Incident Litig.*, No. 22-cv-11385 (E.D. Mich.), and additionally serves as Miller Law's primary attorney in multiple data breach class actions pending in federal district courts, including two recent cases in which Ms. Hughes assisted in negotiating settlement agreements: *In re Hope College Data Security Breach Litigation*, No. 1:22-cv-01224 (W.D. Mich.) ($1.5 million settlement agreement reached, with the plaintiffs having submitted a motion for preliminary approval of class action settlement on Sept. 8, 2023 with Mr. Johns of Shub & Johns LLC as proposed class counsel there); *In Re Wright & Filippis, LLC Data Security Breach Litigation*, No. 2:22-cv-12908 PageID.2278 (E.D. Mich.) ($2.9 million settlement agreement reached, with the plaintiffs there having submitted a motion for preliminary approval of class action settlement on Oct. 13, 2023 with proposed class counsel there including Mr. Miller of Miller Law as proposed chair of class counsel and Mr. Klinger of Milberg and Mr. Johns of Shub & Johns as proposed class counsel); *see also Alexander v. Lansing Community College*, No. 1:23-cv-00741 (W.D. Mich.); and *In re Henry Ford Health System Data Security Litigation*, No. 2:23-cv-11736-GAD-KGA (E.D. Mich.).

Ms. Hughes also brings substantial experience in other complex litigation. Ms. Hughes played a substantial role in obtaining 100% recovery on behalf of a certified class of retirees under the civil enforcement provisions of ERISA. *See Davidson v. Henkel Corp.*, No. 12-cv-14103 (E.D. Mich); *In re EpiPen*, No. 17-md-02785 (D.

Kan.) ($609 million in settlements); and *Cooper v. The 3M Company*, No. 17-cv-01062 (W.D. Mich.) ($54 million cash settlement finally approved in 2023).

Relevant to the present matter, in addition to the above-mentioned cases, Miller Law has extensive experience litigating privacy and data breach cases, with Miller Law serving as Lead Counsel in *In re StockX Customer Data Security Breach Litig.*, No. 19-cv-12441 (E.D. Mich.) and on a team of plaintiffs' counsel in *Thomsen v. Morley Cos., Inc.*, No. 22-cv-10271 (E.D. Mich.) ($4.3 million data breach settlement). In *In re: Equifax, Inc., Customer Data Security Breach Litig.*, No. 1:17-md-02800, Mr. Miller and Miller Law brought suit as part of the plaintiffs' team in *Bakko v. Flagstar Bank, FSB*, No. 2:17-cv-13992 (E.D. Mich.), one of the consolidated underlying actions, and the consumer plaintiffs subsequently settled for more than $380 million in 2020. Miller Law has also prosecuted dozens of class actions in Michigan against companies for violations of Michigan privacy statutes by improperly disclosing consumers' personal information. Many of those cases have reached classwide settlements that have recovered millions of dollars, while many more are ongoing.

Moreover, Miller Law has successfully litigated numerous class and commercial cases. Mr. Miller and Miller Law currently serve as appointed class counsel in many other cases that are currently pending, including MDL cases

centralized in Michigan,[6] and play a lead role in prosecuting more than 40 class actions currently pending in Michigan. As evidenced, Miller Law has vast class action litigation experience in the Eastern District of Michigan.

Miller Law's successes have not been limited to cases in Michigan, as Miller Law has recovered nearly three billion dollars for its clients in courts across the country. For example, Mr. Miller served as Co-Lead Counsel in *In re AIG 2008 Securities Litigation*, No. 1:08-cv-04772 (S.D.N.Y.), which was successfully settled in 2015 for $970.5 million, the highest securities settlement in the United States in 2015. He also served as Co-Lead Class Counsel and Lead Trial Counsel in *City of Farmington v. Wells Fargo Bank*, No. 0:10-cv-04372 (D. Minn.), which was resolved on the weekend before trial for $62.5 million. Miller Law was also the first in the country to initiate and served as a member of the Plaintiffs' Steering Committee in *In re EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices*

---

[6]     Lead Counsel and Chair of the Plaintiffs' Steering Committee in *In re FCA US LLC Monostable Electric Gearshift Litig.*, No. 2:16-md-02744 (MDL) (E.D. Mich.) (Lawson, J.); Co-Lead Counsel in *In re: General Motors Corp. Air Conditioning Marketing and Sales Practices Litigation*, No. 2:18-md-02818 (MDL) (E.D. Mich.) (Leitman, J.); Co-Lead Counsel in *In re Chrysler Pacifica Fire Recall Prods. Liab. Litig.*, No. 2:22-cv-03040 (MDL) (E.D. Mich.) (Lawson, J.); Lead Counsel in *In re: Ford Motor Co. F-150 & Ranger Truck Fuel Econ. Mktg. & Sales Practices Litig.*, No. 2:19-md-02901 (MDL) (E.D. Mich.) (Cox, J.); Co-Lead Counsel in *Weidman v. Ford Motor Co.*, No. 2:18-cv-12719 (E.D. Mich.) (Drain, J.); Co-Lead Counsel in *In re Chevrolet Bolt EV Battery Litig.*, No. 2:20-cv-13256 (E.D. Mich.) (Berg, J.); Co-Lead Counsel in *Reynolds v. FCA US LLC*, No. 2:19-cv-11745 (E.D. Mich.) (Goldsmith, J.); *Speerly v. General Motors, LLC*, No. 2:19-cv-11044 (E.D. Mich.) (Lawson, J.).

*and Antitrust Litigation*, No. 2:17-md-02785 (D. Kan.), which recovered more than $600 million for class members.

Miller Law's Michigan locations in Rochester and Detroit also make it an ideal firm to serve as Interim Lead Co-Counsel. Given that Miller Law has successfully represented clients and classes in courts across the country, Miller Law is more than capable of litigating a class action lawsuit in the same state in which its offices are located. If appointed Interim Lead Co-Counsel, Miller Law's locations within Michigan will ensure efficiency and cost-savings in future pre-trial proceedings and discovery, as depositions of Defendant and its employees will likely be conducted within driving distance of Miller Law's offices. This would also obviate any need to appoint a separate liaison counsel.

Miller Law has already devoted significant resources to representing the interests of Plaintiffs and the putative Class and will continue to do so. Miller Law operates with zero reliance on debt, even though it maintains a significant class action and contingency practice, and has a firm policy to never utilize third-party litigation finance firms. Miller Law also maintains its own e-discovery team which has access to the best equipment to store millions of pages of documents, eliminating web hosting fees and reducing litigation costs paid from a settlement or verdict.

### b. Milberg Coleman Bryson Phillips Grossman PLLC

Since its founding in 1965, Milberg has repeatedly taken the lead in landmark cases that have set groundbreaking legal precedents, prompted changes in corporate governance, and has recovered over $50 billion in verdicts and settlements.[7] Milberg has been instrumental in obtaining precedent setting decisions at every level, including at the United States Supreme Court.[8] The firm pioneered federal class action litigation and is widely recognized as a leader in defending the rights of victims of large-scale wrongdoing. Milberg has been described by the New York Times as "[a] powerhouse that compelled miscreant and recalcitrant businesses to pay billions of dollars to aggrieved shareholders and customers."

Milberg is one of the largest plaintiffs' class action firms in the United States (and abroad). The firm currently is involved in some of the largest and well-known class action cases in the country and is particularly active in the field of data breach and privacy litigation. The firm is comprised of more than one hundred-twenty attorneys who work from offices across the United States and in Portugal, the United Kingdom, the Netherlands, and Germany. Milberg attorneys come from

---

[7]     *See, e.g.*, *In re Tyco Int'l Ltd., Sec. Litig.*, MDL 1335 (D.N.H.) (serving as lead counsel and obtaining approval of $3.2 billion settlement); *In re Prudential Ins. Co. Sales Practice Litig.*, No. 95-4704 (D.N.J.) (serving as lead counsel and recovering more than $4 billion for policyholders); *see also* https://milberg.com/outstanding-recoveries/.

[8]     *See* https://milberg.com/precedent-setting-decisions/page/3/.

diverse backgrounds and reflect the diversity of the bar and the classes they seek to represent—from the standpoint of age, gender, experience, and geographic location.[9]

Mr. Klinger is a Partner at Milberg and Chair of its Cybersecurity and Data Privacy Practice Group. Mr. Klinger is recognized as one of the most respected data privacy attorneys in the United States, having been selected to Lawdragon's 500 Leading Litigators in America for his accomplishments in privacy litigation.[10] He has extensive experience serving as leadership in numerous privacy class actions, including as lead or co-lead counsel in the largest data breaches in the country.[11] Mr. Klinger and his firm are largely responsible for developing the favorable case

---

[9]    *See* Bolch Judicial Institute, Duke Law School, *Guidelines and Best Practices for Large and Mass-Tort MDLs* at 38, 45-46 (2d ed. 2018), *available at* https://judicialstudies.duke.edu/wp-content/uploads/2018/09/MDL-2nd-Edition-2018-For-Posting.pdf ("Duke Guidelines") ("The judge's primary responsibility in the selection process is to ensure that the lawyers appointed to leadership positions are capable and experienced and that they will responsibly and fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and backgrounds.").

[10]   *See* https://www.lawdragon.com/guides/2023-09-08-the-2024-lawdragon-500-leading-litigators-in-america.

[11]   *See In re Meta Browser Tracking Litigation*, Case No. 3:22-cv-05267-AMO (N.D. Cal.) (where Mr. Klinger is court-appointed co-lead counsel to tens of millions of consumers in a privacy class action against Facebook); *Morrill v. Lakeview Loan Servicing, LLC*, Case No. 1:22-cv-20955-DPG (S.D. Fla.) (where Mr. Klinger is appointed to the leadership committee in a data breach class action involving 6 million consumers); *Sherwood v. Horizon Actuarial Services, LLC*, Case No. 1:22-cv-01495-ELR (N.D. Ga.) (where Mr. Klinger is court-appointed co-lead counsel in a data breach class action involving 4 million consumers).

law that many plaintiffs rely on in the data breach space.[12]  Over the past 3 years, Mr. Klinger has settled on a classwide basis more than forty (40) class actions involving privacy violations, the majority of which are data breaches, in State and federal courts across the country as lead or co-lead counsel.[13] To his knowledge, no other attorney in the country has settled more class actions during this time period. Representative cases include:

- *Parris, et al., v. Meta Platforms, Inc.*, Case No.2023LA000672 (18th Cir. DuPage Cty., Ill.) (where Mr. Klinger serves as lead counsel and obtained a settlement of $68.5 million for 4 million consumers in a privacy class action);

- *Boone v. Snap, Inc.*, Case No. 2022LA000708 (18th Cir. DuPage Cty., Ill.) (where Mr. Klinger served as lead counsel and obtained a settlement of $35 million for 3 million consumers in a privacy class action); and

- *Carrera Aguallo v. Kemper Corp.*, Case No. 1:21-cv-01883 (N.D. Ill. Oct. 27, 2021) (where Mr. Klinger served as lead counsel in a data breach class action involving 6 million consumers and reached a settlement valued at $17 million).

---

[12] *See e.g.*, *Webb v. Injured Workers Pharmacy, LLC*, 72 F.4th 365 (1st Cir. 2023) (Milberg attorneys obtained a decision from the First Circuit reversing the dismissal with prejudice of a data breach case and finding Article III standing); *In re Arthur J. Gallagher Data Breach Litig.*, 631 F. Supp. 3d 573, 586 (N.D. Ill. 2022) (Milberg attorneys largely defeated a motion to dismiss in a data breach case involving 3 million consumers); *In re Blackbaud, Inc., Customer Data Breach Litig.*, No. 3:20-MN-02972-JMC, 2021 WL 2718439, at *1 (D.S.C. July 1, 2021) (Milberg attorneys defeated a standing challenge in a 10 million person data breach case).

[13]   Mr. Klinger has also successfully litigated privacy class actions through class certification. *See Karpilovsky v. All Web Leads, Inc*., No. 17 C 1307, 2018 WL 3108884, at *1 (N.D. Ill. 2018) (where Mr. Klinger certified, over objection, a nationwide privacy class action involving more than one million class members; the case ultimately settled for $6.5 million).

Mr. Klinger is presently serving as court-appointed lead-counsel in several of the largest privacy class actions in the country, including:

- *In re Meta Browser Tracking Litigation*, Case No. 3:22-cv-05267-AMO (N.D. Cal.) (where Mr. Klinger is court-appointed co-lead counsel to tens of millions of consumers in a privacy class action against Facebook);

- *Morrill v. Lakeview Loan Servicing, LLC*, Case No. 1:22-cv-20955-DPG (S.D. Fla.) (where Mr. Klinger is appointed to the leadership committee in a data breach class action involving 6 million consumers);

- *Sherwood v. Horizon Actuarial Services, LLC*, Case No. 1:22-cv-01495-ELR (N.D. Ga.) (where Mr. Klinger is court-appointed co-lead counsel in a data breach class action involving 4 million consumers);

- *In re: Cerebral, Inc. Privacy Practices*, Case No. 2:23-cv-1803 (C.D. Cal.) (where Mr. Klinger is court-appointed co-lead counsel in a privacy class action involving 3 million consumers);

- *Dusterhoft v. OneTouchPoint Corp.*, Case No. 2:22-cv-00882-BHL (E.D. Wis.) (where Mr. Klinger is court-appointed co-lead counsel in a data breach class action involving 4 million consumers); and

- *In re: Arthur J. Gallagher*, Case No. 1:22-cv-000137 (N.D. Ill.) (where Mr. Klinger is court-appointed co-lead counsel in a data breach class action involving 3 million consumers).

Of further note, Mr. Klinger has been instrumental in bringing national attention to the unlawful disclosure of private health information through the use of online tracking technologies (e.g., the Meta Pixel), including by investigating and filing one of the first cases of its kind in the United States. *See Quinto v. The*

*Regents of the University of California*, Case No. 22-cv-012970 (Sup. Ct. Alameda Cty.) (complaint filed June 16, 2022). In the wake of that lawsuit, and due to Mr. Klinger's investigation, UCLA issued notice to more than 94,000 California consumers advising their private information had been unlawfully disclosed to third-parties.[14][15] *See* https://www.uclahealth.org/data-notice.

Aside from his accomplishments, at only 38-years-old, Mr. Klinger also brings an important element of diversity to the leadership slate from the standpoint of age. This factor further supports Mr. Klinger's appointment. *See* Duke Guidelines at 38, 45-46.

Simply put, Mr. Klinger and the attorneys at his law firm have substantial experience handling data security and data privacy cases like this one, including some of the largest data privacy litigation in the United States. *See, e.g.*, *In re Blackbaud Data Privacy*, MDL No. 2972 (D. S.C.) (where Milberg serves as

---

[14]     In the wake of the *Quinto* lawsuit, the Department of Health and Human Services (DHHS) issued a bulletin on the requirements under HIPAA for online tracking technologies providing that "[r]egulated entities are not permitted to use tracking technologies in a manner that would result in impermissible disclosures of ePHI to tracking technology vendors or any other violations of the HIPAA Rules." *See* https://www.hhs.gov/about/news/2022/12/01/hhs-office-for-civil-rights-issues-bulletin-on-requirements-under-hipaa-for-online-tracking-technologies.html.

[15]     Mr. Klinger is also one of the few lawyers in the country to have settled on a classwide basis a data privacy class action against a healthcare provider over its use of tracking technologies. *See John v. Advocate Aurora Health, Inc.*, No. 22-CV-1253-JPS (E.D. Wis.) (appointed co-lead counsel with preliminary approval of a $12 million settlement filed on August 11, 2023).

interim class counsel in a data breach involving millions of consumers); *Jackson-Battle v. Navicent Health, Inc*., No. 2020-CV-072287 (Ga. Super. Ct. Bibb Cnty. filed Apr. 29, 2020) (Mr. Klinger appointed Class Counsel in data breach case involving 360,000 patients; settlement valued at over $72 million); *Mowery v. Saint Francis Healthcare Sys.*, No. 1:20-cv-00013-SRC (E.D. Mo. Dec. 22, 2020) (Mr. Klinger appointed Class Counsel; settlement value of over $13 million).

In addition to his professional experience, Mr. Klinger is presently pursuing his Masters of Laws (LLM) in Data Privacy and Cybersecurity from the University of Southern California Gould School of Law and is a Certified Information Privacy Professional (CIPP/US). Additional information regarding Mr. Klinger and his firm is set forth in the Biography attached hereto as **Exhibit 3**.

### c. Shub & Johns LLC

Benjamin F. Johns is a founding partner at Shub & Johns LLC, which is headquartered in Conshohocken, Pennsylvania. Mr. Johns was previously an equity partner with the law firm Chimicles Schwartz Kriner & Donaldson-Smith, LLP in Haverford, Pennsylvania where he worked for 17 years until he amicably left in November 2022. He is qualified to serve as Interim Lead Class Counsel in this litigation due to his history of successfully prosecuting complex class action cases (including data breach litigation), and because of his significant involvement in the prosecution of the instant case. In recently appointing Mr. Johns interim

co-lead counsel with Mr. Klinger in another data breach class action, one district court observed that Mr. Johns "has almost 20 years of experience with complex class action cases and has been appointed Lead Counsel in data breach cases over a dozen times in various jurisdictions across the country; he has been appointed Lead Counsel in the Eastern District of Pennsylvania no less than three times." *Meyers v. Onix Grp., LLC*, No. CV 23-2288-KSM, 2023 WL 4630674, at *2 (E.D. Pa. July 19, 2023) (citing *In re Wawa, Inc. Data Security Litig.*, Civil Action No. 19-6019 (E.D. Pa.); *Nelson v. Connexin Software Inc.*, Civil Action No. 22-4676 (E.D. Pa.) and *In re NCB Management Service, Inc. Data Breach Litig.*, Civil Action No. 23-1236 (E.D. Pa.)).

Mr. Johns has previously been appointed to serve as co-lead counsel in other data breach cases across the country. *See, e.g., Perdue v. Hy-Vee, Inc.*, Case No. 1:19-cv-01330-(MMM) (JEH), 2021 U.S. Dist. LEXIS 12691 (C.D. Ill. Jan. 25, 2021); *Kyles v. Stein Mart, Inc.*, Case No. 1:19-cv-00483 (CFC), 2021 U.S. Dist. LEXIS 202674 (D. Del. Oct. 19, 2021); *Gordon et al. v. Chipotle Mexican Grill, Inc.*, Case No. 17-cv-01415 (CMA) (SKC), 2019 U.S. Dist. LEXIS 215430 (D. Colo. Dec. 16, 2019); *Bray et al. v. GameStop Corp.*, Case No. 1:17-cv-01365 (JEJ), 2018 U.S. Dist. LEXIS 226221 (D. Del. Dec. 19, 2018); and *In re Rutter's Inc. Data Security Breach Litig.*, Case No. 1:20-cv-382 (CCC) (KM) (M.D. Pa.).

Other examples of recent cases in which Mr. Johns acted as a lead or co-lead counsel are:

- *In re: MacBook Keyboard Litigation*, No. 18-cv-2813 (N.D. Cal.) (Mr. Johns took and defended numerous depositions and successfully argued two motions to dismiss and co-argued plaintiffs' motion for class certification in this case, which has settled for a $50 million common fund. In granting final approval to the settlement, the district court wrote that plaintiffs' counsel "achieved excellent results for the class.");

- *Kostka v. Dickey's Barbecue Restaurants Inc.*, No. 3:20-CV-03424-K (N.D. Tex.) (Mr. Johns served as co-lead counsel in this consumer data breach case which resulted in a $2.35 million common fund settlement);

- *Udeen v. Subaru of Am., Inc.*, No. 18-17334 (RBK) (JS) (D.N.J.) (Mr. Johns was co-lead counsel in this consumer class action involving allegedly defective infotainment systems in certain Subaru automobiles, which resulted in a settlement valued at $6.25 million. At the hearing granting final approval of the settlement, the district court commented that the plaintiffs' team "are very skilled and very efficient lawyers . . . They've done a nice job.");

- *In re Nexus 6P Product Liability Litig.*, No. 5:17-cv-02185 (BLF) (N.D. Cal.) (Mr. Johns served as co-lead counsel – and argued two of the motions to dismiss – in this defective smartphone class action. The case resulted in a settlement valued at $9.75 million, which Judge Beth Labson Freeman described as "substantial" and an "excellent resolution of the case.");

- *In re MyFord Touch Consumer Litig.*, No. 13-cv-03072 (EMC) (N.D. Cal.) (Mr. Johns served as court-appointed co-lead counsel in this consumer class action concerning allegedly defective MyFord Touch infotainment systems, which settled for $17 million shortly before trial);

- *Hughes v. UGI Storage Co.*, 263 A.3d 1144 (Pa. 2021) (Mr. Johns argued this precedent-setting de facto takings matter before the Pennsylvania Supreme Court in October of 2021, which resulted in a 6-0 reversal of the underlying intermediate appellate court decision that had affirmed the trial court's dismissal of the case); and

- *Weeks v. Google LLC*, No. 5:18-cv-00801 (NC), 2019 U.S. Dist. LEXIS 215943 (N.D. Cal. Dec. 13, 2019) (Mr. Johns was co-lead counsel—and successfully argued against a motion to dismiss—in this defective smartphone class action. A $7.25 million settlement was reached, which Magistrate Judge Nathanael M. Cousins described as being an "excellent result.").

As noted above, Mr. Johns and Mr. Klinger have cooperatively served together in leadership positions. *See In re Onix Group, LLC Data Breach Litig.*, *supra*. And Mr. Johns is working closely with Miller Law in several data breach cases in this Court and in the Western District of Michigan. *In re Wright & Filippis, LLC Data Security Breach Litig.*, *supra* ($2.9 million settlement reached, subject to preliminary approval); *In re Hope College Data Security Breach Litig.*, *supra* ($1.5 million settlement reached, subject to preliminary approval); *In re Henry Ford Health System Data Security Litig.*, *supra*; and *In re Lansing Community College Data Security Breach Litig.*, *supra*. Additional information regarding Mr. Johns and his firm is set forth in the Biography attached hereto as **Exhibit 4**.

### 3. Diversity Interests Would Be Best Served by Appointing the Miller/Milberg/Shub Slate

Recent reports and empirical studies confirm the profound disparity in the representation in lead counsel roles. In light of that, the Duke Law Center for Judicial Studies—a coalition of 22 MDL practitioners and 17 federal and state court judges— adopted MDL Best Practice 4E, which provides that a "transferee judge should take

into account whether the leadership team adequately reflects the diversity of legal talent available and the requirements of the case" and urged judges to "appoint a diverse group, with respect to not only prior experience and skills, but also gender," among other considerations. *See, e.g.*, Case Management Order No. 2 at 5, *In re Blackbaud*, No. 3:20-mn-02972 (Jan. 8, 2021) ("The court is committed to the diversity of MDL leadership . . . and not overlook qualified applicants based on race, color, gender, sexual orientation, age, or geography.").

As evidenced in the resumes of the Miller/Milberg/Shub Slate (**Exs. 2-4**) and as detailed above, the attorneys dedicated to litigating this case provide an array of experience and background that will serve the needs of this litigation and best practices described above. The proposed members of the team have significant experience in class actions, data breach cases, and complex litigation, and maintain significant authority within the firm to devote the necessary time and resources to this case, and will represent the diverse interests of the putative Class. Additionally, the Miller/Milberg/Shub Slate maintains an excellent working relationship with the other counsel on the Related Cases, working together with them on a number of other class actions, including numerous data breach cases. The combined class action and data breach experience of the Miller/Milberg/Shub Slate, and the long-standing connection of Miller Law to Michigan, will provide exceptional leadership and diverse breadth of experience for the victims of the McLaren Health data breach.

## C.  Briefing Schedule

Plaintiff Drugich further respectfully requests that the Court set a schedule related to the filing of an operative consolidated amended complaint. "[T]rial courts have inherent power to control their dockets." *Anthony v. BTR Auto. Sealing Sys., Inc.*, 339 F.3d 506, 516 (6th Cir. 2003). Setting the below schedule[16] will relieve Defendant McLaren Health of the duty to respond to the various initial complaints filed in the Related Cases in the interim.

- Defendant is not required to respond to the initial complaints in *Drugich*, *McSkulin*, *Komorosky*, *Norwood*, and *Lewis*;

- Plaintiffs in the Consolidated Action shall file an operative Consolidated Class Action Complaint within forty-five (45) days of entry of an Order consolidating the Related Cases and appointing Interim Class Counsel;

- Defendant will answer, move, or otherwise respond to the Consolidated Complaint within forty-five (45) days of its receipt of the Consolidated Complaint;

- If Defendant responds by way of motion, Plaintiffs will have thirty (30) days to oppose Defendant's motion, and Defendant will have twenty-one (21) days to reply;

## III.  CONCLUSION

For the above reasons, Plaintiff Drugich respectfully requests that this Court enter an Order, substantially in the form attached as **Exhibit 1**: (i) consolidating the

---

[16]    The Proposed Schedule is also set forth in the Proposed Order attached hereto as **Exhibit 1**.

Related Cases, (ii) appointing The Miller Law Firm, P.C., Milberg Coleman Bryson

Phillips Grossman PLLC, and Shub & Johns LLC as Interim Lead Co-Counsel, and

(iii) entering the proposed deadlines to file the operative consolidated amended

complaint and stay the deadline for McLaren Health to respond to the individual

complaints.

Dated: October 16, 2023                  Respectfully Submitted,

*/s/ E. Powell Miller*
E. Powell Miller (P39487)
Emily E. Hughes (P68724)
**THE MILLER LAW FIRM, P.C.**
950 W. University Drive, Suite 300
Rochester, MI 48307
T: (248) 841-2200
epm@millerlawpc.com
eeh@millerlawpc.com

*/s/ Gary M. Klinger*
Gary M. Klinger
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
T: (866) 252-0878
gklinger@milberg.com

Nick Suciu
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN LLC**
6905 Telegraph Rd., Suite 115
Bloomfield Hills, MI 48301
Tel: (313) 303-3472
Email: nsuciu@milberg.com

<u>/s/ Benjamin F. Johns</u>
Benjamin F. Johns
Samantha E. Holbrook
**SHUB & JOHNS LLC**
Four Tower Bridge
200 Barr Harbor Drive, Ste 400
Conshohocken, PA 19428
T: (610) 477-8380
bjohns@shublawyers.com
sholbrook@shublawyers.com

*Attorneys for Plaintiff Drugich and
Putative Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 16, 2023, I electronically filed the foregoing document(s) using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings; and this Motion was also sent out for service upon Defendant's registered agent.

<u>*/s/ E. Powell Miller*</u>
E. Powell Miller (P39487)
**THE MILLER LAW FIRM**
950 W. University Drive, Suite 300
Rochester, MI 48307
T: (248) 841-2200
epm@millerlawpc.com